# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1608V

| | |
|---|---|
| JULIA MARINO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 11, 2021 |

## SCHEDULING ORDER-SPECIAL PROCESSING UNIT

A telephonic status conference was held on February 11, 2021. Robert Krakow appeared on behalf of Petitioner, and Mark Hellie appeared on behalf of Respondent.

During the call, Petitioner's counsel stated there may be some additional records relating to recent medical care, but there is no claim for lost wages and no Medicaid lien. Respondent's counsel stated that he reviewed the records and had nothing to request at this time.

In addition, the parties discussed the "One-Year Rule" and the related new procedures I am implementing in SPU cases that have gone through the PAR[1] process. PAR was initiated in order to ensure that cases "enter" the Vaccine Program are deemed substantially complete and ready for review. That process involves an initial review of the materials filed in support of a claim, to determine preliminarily if the records are complete. In addition, beginning on January 1, 2020, Petitioners are required to complete a PAR Questionnaire providing specific information related to the vaccination, injury, medical providers, and dates of treatment.[2] Both of these procedural changes make it far more likely than in the past that claims assigned to SPU are ready for substantive analysis early on.

I am well aware of the fact that, even after a case is assigned to SPU, some additional time is needed for Respondent to evaluate the claim, but this time period is not

---

[1] PAR stands for Pre-Assignment Review.  *See* https://www.uscfc.uscourts.gov/sites/default/files/PAR%20Announcement%20-%2008.20.2019.pdf (last visited on March 4, 2020) (describing this new program).

[2] The PAR Questionnaire may be found at: https://www.uscfc.uscourts.gov/sites/default/files/PAR%20Questionnaire_Fillable%20PDF.pdf (last visited on March 4, 2020).

without limitation. The Vaccine Rules contemplate that Respondent will review the records for completeness within 30 days, and then determine his position (via a Rule 4(c) Report) within 90 days of the filing of a petition and all required records. *See* Vaccine Rule 4(a), (c). Although the deadline for the Rule 4(c) report in SPU cases is routinely suspended[3] (in the interest of allowing Respondent to provide his tentative position in a status report, and thereby making expedited settlement more likely), we have observed that this process is taking longer and longer to complete.

I understand that Respondent's resource constraints and the resulting backlog of cases awaiting review are matters somewhat outside of his control. However, SPU is intended to expedite processing of claims that historically have been resolved without extensive litigation. The commonly reported delay of ten to eleven months for Respondent's medical review thus frustrates SPU's purpose – to expedite cases that do not require extensive litigation.

Given the above, I have determined that cases should not stay assigned to SPU for greater than a year from the time they leave the PAR process (unless the case has been conceded, or Respondent has indicated that the case is likely to resolve informally despite delay). Accordingly, I direct that in addition to reviewing the record for completeness, Respondent's counsel should *also* perform an informal assessment of the case, as described in more detail below.

Respondent's counsel is directed to review the filings to date in this case (including the PAR questionnaire), and state in a filing whether (1) they believe the case may be appropriate for informal resolution in the SPU, (2) they have identified significant factual or legal issues that could be resolved with further development of the record while the case is awaiting medical review, and (3) the case involves complicated medical issues that either are beyond what is normally addressed in SPU or that may be anticipated to cause Respondent to oppose compensation. In such circumstances, rather than simply delaying action on a case while it awaits medical review, either Petitioner can work to obtain additional evidence, or the case may be reassigned out of SPU, as appropriate. Examples of issues that may require further evidence include, but are not limited to, issues such as the timing of the onset of an injury, facts pertaining to vaccine administration such as the site, route, or other circumstances, whether the six month sequelae requirement is satisfied, and whether there is insufficient evidence to satisfy any Table criterion.

Respondent's counsel's informal assessment of the case will not be considered Respondent's official position, which will be developed after the case has undergone medical review and a Rule 4(c) Report is filed, and thus, informal assessments of the cases' appropriateness for settlement will not constitute conceded or waived facts or

---

[3] *See* Vaccine Rule 4(c)(1) which allows the special masters to set a different schedule for Respondent's Rule 4 (c) report. The most recent version of the Vaccine Rules, located in Appendix B of the Rules of the United States Court of Federal Claims, can be found on the court's website at https://www.uscfc.uscourts.gov/sites/default/files/VACCINE%20RULES%20FINAL%2006.25.2019.pdf (last visited on May 7, 2020).

positions. I provide this assurance in order to encourage Respondent's counsel to make their best efforts to use their experience and judgment without concern that doing so will limit their client's rights. At the same time, however, I expect Respondent's counsel to do their best in performing this informal assessment, and do not expect that glaring issues will be raised for the first time after Respondent's medical review.

**Accordingly: Respondent shall file, by no later than <u>Monday, March 15, 2021</u>, a status report indicating that Respondent's counsel has completed an informal assessment of the claim and the records filed by Petitioner and:**

  a. **Identifying any additional records or information that Respondent's counsel believes are necessary to evaluate Petitioner's claim;[4]**
  b. **Stating Respondent's counsel's initial informal assessment of the potential for informal resolution of this case;**
  c. **Identifying any factual or legal issues that Respondent's counsel identifies that have the potential to be addressed through further development of the record;**
  d. **Identifying any complicated medical issues that are beyond what is normally addressed in SPU or that may be anticipated to cause Respondent to oppose compensation; and**
  e. **Estimating the time needed for Respondent's medical review.**

Any questions about this order or about this case generally may be directed to OSM staff attorney **Andrew Sterling at (202) 357-6389 or Andrew_Sterling@cfc.uscourts.gov.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] In the event that Respondent's counsel identifies additional records that are required, it may be necessary for Respondent's counsel to later update his or her informal assessment of the claim if those records alter Respondent's position in the case.